```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GLEN CAMPBELL,

                    Plaintiff,

        -against-

NASSAU COUNTY SHERIFF
DEPARTMENT OF CORRECTIONS;
SGT. CURTIN #81; OFFICER
MCKINNEY #2285,

                    Defendants.
------------------------------------------------------X
------------------------------------------------------X
GLEN CAMPBELL,

                    Plaintiff,

        -against-

NASSAU COUNTY SHERIFF
DEPARTMENT OF CORRECTIONS;
SGT. CURTIN #81; OFFICER
MCKINNEY #2285; OFFICER
RAZENSON #3024,

                    Defendants.
------------------------------------------------------X
```

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-6132 (CBA) (LB)

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-7330 (CBA) (LB)

**AMON, United States District Judge:**

Plaintiff Glen Campbell, who is currently incarcerated at the Nassau County Correctional Center, initiated the instant actions in this Court by filing two pro se complaints alleging violations of 42 U.S.C. § 1983 related to the conditions of his confinement. Campbell requested leave to proceed in forma pauperis rather than pay the normal filing fee in both actions. For the reasons stated below, those requests are denied.

1

## BACKGROUND

Campbell has filed at least three prior suits in this Court related to his confinement in the Nassau County Correctional Center and on Rikers Island. See Campbell v. N.Y.C. Dep't of Corr., No. 13-CV-7088 (CBA) (LB) (filed Nov. 27, 2013) ("Campbell I"); Campbell v. Armor Corr. Health, Inc., No. 14-CV-504 (CBA) (LB) (filed Jan. 23, 2014) ("Campbell II"); Campbell v. Nassau Cty. Sheriff Dep't of Corr., No. 14-CV-505 (CBA) (LB) (filed Jan. 23, 2014) ("Campbell III"). In each action, Campbell sought— and, in Campbell I and Campbell II, ultimately received —permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, after conducting the sua sponte review required by 28 U.S.C. § 1915(e)(2), the Court dismissed each action for failure to state a claim upon which relief can be granted. See Campbell I, No. 13-CV-7088 (CBA) (LB), 2014 WL 354767 (E.D.N.Y. Jan. 29, 2014); Campbell II, No. 14-CV-504 (CBA) (LB), 2014 WL 4207612 (E.D.N.Y. Aug. 25, 2014); Campbell III, No. 14-CV-505 (CBA) (LB) (E.D.N.Y. July 30, 2014) (D.E. # 4).

On October 15, 2014 and December 10, 2014, following the dismissal of his prior actions, Campbell filed the present actions. Campbell v. Nassau Cty. Sheriff Dep't of Corr., No. 14-CV-6132 (CBA) (LB) (E.D.N.Y. Oct. 15, 2014) (D.E. # 1) ("Campbell VI"); Campbell v. Nassau Cty. Sheriff Dep't of Corr., No. 14-CV-7330 (CBA) (LB) (E.D.N.Y. Dec. 10, 2014) (D.E. # 1) ("Campbell V"). The complaints in Campbell IV and Campbell V both center on Campbell's claim that corrections officers falsely accused him of smuggling a pair of eyeglasses into the Nassau County Correctional Center and concocted a false confession by him to support that allegation. Campbell IV, No. 14-CV-6132 (D.E. # 1); Campbell V, No. 14-CV-7330 (D.E. # 1).

Based on those allegedly false reports of misconduct, Campbell was placed in keeplock for 48 days, he was barred from further contact visits, and his wife was barred from visitation for a period.[1] Campbell IV, No. 14-CV-6132 (D.E. # 1) at 4, 8–9. Campbell alleges that those punishments caused him to suffer a number of psychological maladies for which he later sought counseling. Campbell IV, No. 14-CV-6132 (D.E. # 1) ¶ IV.A; Campbell V, No. 14-CV-7330 (D.E. # 1) ¶ IV.A. He now requests a large monetary award to compensate for his "pain[,] suffering[,] [and] humiliation that the[] [officers] brought upon [him] and his family."[2] Campbell IV, No. 14-CV-6132 (D.E. # 1) ¶ V; Campbell V, No. 14-CV-7330 (D.E. # 1) ¶ V.

As in his prior actions, Campbell requests leave to proceed in forma pauperis in both of the pending actions, rather than pay the standard filing fee. Campbell IV, No. 14-CV-6132 (D.E. # 2); Campbell V, No. 14-CV-7330 (D.E. # 2).

## DISCUSSION

### I. Prison Litigation Reform Act

Congress enacted the Prison Litigation Reform Act ("PLRA") to deter prisoners from filing meritless actions. Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007). In order to stem the perceived tide of baseless prisoner claims, the PLRA statutorily limited the ability of judges to grant

---

[1] "Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities; it is also used as an administrative confinement for prehearing housing of inmates facing disciplinary hearings." Green v. Bauvi, 46 F.3d 189, 192 (2d Cir. 1995).

[2] The exact amount Campbell seeks is somewhat unclear as he has requested $2 million in damages in Campbell VI and $4 million in Cambell V. Campbell IV, No. 14-CV-6132 (D.E. # 1) ¶ V; Campbell V, No. 14-CV-7330 (D.E. # 1) ¶ V. Because that discrepancy is irrelevant to the pending requests—and because Campbell could not recover damages for emotional harm in any event, see 42 U.S.C. § 1997e(e)—the Court need not resolve that discrepancy in the pleadings.

3

prisoners' requests to proceed in forma pauperis. See Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997). By restricting prisoners' ability to file free suits, the PLRA "forc[ed them] to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?" Tafari, 473 F.3d at 443 (citation omitted).

The PLRA was particularly concerned with those prisoners who tax the courts by repeatedly filing meritless suits. Section 804, the so-called "three-strikes rule," bars a prisoner from proceeding in forma pauperis if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A dismissal on one of the three statutorily enumerated grounds counts as a strike at the time it is entered by the district court, even if the prisoner subsequently appeals that judgment. See Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).

A.  **Campbell's Strikes**

Under the plain language of the PLRA, a dismissal for failure to state a claim counts as a strike. 28 U.S.C. § 1915(g).

In all three of Campbell's prior actions, the Court dismissed for failure to state a claim, but did so either without prejudice or with leave to amend. See Campbell I, 2014 WL 354767, at *1 ("Campbell's amended complaint is dismissed for failure to state a claim upon which relief may be granted. Campbell is granted thirty (30) days leave to submit a second amended complaint."); Campbell II, 2014 WL 4207612, at *1 (same); Campbell III, No. 14-CV-505 (D.E. # 4) at 5

4

(dismissing the complaint "without prejudice for failure to state a claim upon which relief may be granted" (citing 28 U.S.C. § 1915A) and granting Plaintiff leave to "pursue any valid claims he may have in state court"). Campbell failed to amend his complaint in either <u>Campbell I</u> or <u>Campbell II</u>, and judgment was entered dismissing both cases pursuant to 28 U.S.C. § 1915A, which requires courts to "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." See <u>Campbell I</u>, No. 13-CV-7088 (D.E. # 10); <u>Campbell II</u>, No. 14-CV-504 (D.E. # 6). In <u>Campbell II</u>, the entry of judgment also cited § 1915(e)(2)(B), which like § 1915A, requires dismissal for actions that are "frivolous or malicious" or that "fail[] to state a claim on which relief may be granted." Judgment was likewise entered dismissing <u>Campbell III</u> "for failure to state a claim upon which relief may be granted." No. 14-CV-505 (D.E. # 5). Campbell appealed the dismissal in <u>Campbell II</u>, which the Second Circuit dismissed, finding that it "lack[ed] an arguable basis either in law or in fact," and citing to 28 U.S.C. § 1915(e). <u>Campbell II</u>, No. 14-CV-504 (D.E. # 8).

Although the Second Circuit has not decided this issue, most other circuits to confront it have held that since § 1915(g) does not distinguish between dismissals with prejudice and those without, a strike results from any dismissal made on one of the three enumerated grounds. See <u>Orr v. Clements</u>, 688 F.3d 463, 465 (8th Cir. 2012) ("The text of § 1915(g) draws no distinction between dismissals with prejudice and dismissals without prejudice."); <u>Paul v. Marberry</u>, 658 F.3d 702, 704 (7th Cir. 2011) ("A dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike, whether or not it's with prejudice." (internal

citation omitted)); O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008) ("Because § 1915(g) . . . does not distinguish between dismissals with and without prejudice, . . . a dismissal without prejudice may count as a strike."); Pointer v. Wilkinson, 502 F.3d 369, 376–77 (6th Cir. 2007) (holding that "if a complaint is dismissed in part for failure to exhaust and in part for failure to state a claim or other grounds stated in § 1915(g), the dismissal is a strike"). But see McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) (holding that a dismissal for failure to state a claim must prejudice the filing of a subsequent complaint to incur a strike). Because the Court finds the strained logic utilized by the Fourth Circuit unpersuasive, the Court joins the majority consensus that the plain language of § 1915(g) imposes a strike whenever a prisoner's action is dismissed for failure to state a claim, regardless of whether that dismissal is with or without prejudice.

Cases in this Circuit refusing to impose a strike for actions not enumerated by the statute are not to the contrary. See Tafari, 473 F.3d at 443 (holding that a dismissal of premature appeal is not a strike); Snider v. Melindez, 199 F.3d 108, 115 (2d Cir. 1999) (holding that a dismissal for failure to exhaust is not a strike); McNair v. Kelly, 13-CV-728 (RJS), 2013 WL 4574247, at *1 (S.D.N.Y. Aug. 26, 2013) (holding that dismissals for failure to prosecute, procedural default, and lack of subject matter jurisdiction do not count as strikes). Each of those decisions relies on a two-step analysis that is inapplicable here. First, they examine the plain text of § 1915(g) and conclude that by enumerating three specific events that trigger a strike, Congress necessarily rejected others. See, e.g., Tafari, 473 F.3d at 443 (noting that immunity is not an enumerated basis for a strike, even though § 1915(e) requires dismissal if a defendant is immune from suit). Second, they

6

confirm that understanding by finding that the PLRA's primary purpose—to weed out baseless litigation—would be ill-served by imposing strikes where prisoners merely make procedural missteps, rather than filing meritless claims. See Snider, 199 F.3d at 111.

Indeed, the logic of those cases supports the Court's conclusion here because each of Campbell's prior suits was, in fact, ultimately dismissed for failure to state a claim, one of the triggering events expressly enumerated in § 1915(g). See Tafari, 473 F.3d at 443 (looking to plain language of the statute to determine when a dismissal constitutes a strike). Since the statutory language commands that such a dismissal results in a strike, no further interpretation is required. See In re Barnet, 737 F.3d 238, 246 (2d Cir. 2013) ("Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms." (internal citation and quotation marks omitted)). Moreover, such a finding comports with the underlying purpose of the PLRA because courts "assume legislative purpose is expressed by the ordinary meaning of the text, absent persuasive reasons to do otherwise." United States v. Stultz, 356 F.3d 261, 267 (2d Cir. 2004).

Even if a dismissal with leave to amend, standing alone, does not constitute a strike because only the complaint—but not the "action" itself—has been dismissed, see, e.g., O'Neal, 531 F.3d at 1158 (9th Cir. 2008) (Thomas, J., concurring in part and dissenting in part), in both Campbell I and Campbell II, judgment was ultimately entered dismissing the action on the basis of Campbell's failure to state a claim. Each was accordingly an "action that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted," and thus counts as a strike under the plain language of § 1915(g). See, e.g., Coleman v. Tollefson, 135 S. Ct. 1759, 1764 (2015) (holding that a strike takes effect upon "a trial court's judgment"); Washington v. L.A. Cty.

Sheriff's Dep't, 833 F.3d 1048, 1057 (9th Cir. 2016) (explaining that a PLRA strike is assessed "only when the 'case as a whole' is dismissed for a qualifying reason under the Act").

In addition, the Second Circuit has held that that a plaintiff can incur a separate strike for the dismissal of an appeal "when a complaint and a subsequent appeal are independently dismissed for grounds listed in § 1915(g)." Chavis v. Chappius, 618 F.3d 162, 165 (2d Cir. 2010). Accordingly, Campbell's appeal of Campbell II, which the Second Circuit dismissed as "lacking arguable basis either in law or in fact"—meaning it was "frivolous," Neitzke v. Williams, 490 U.S. 319, 325 (1989)—constitutes a fourth strike.

Therefore, the Court concludes that the dismissals in Campbell I, II, and III amount to three strikes under the PLRA, and the appeal from Campbell II is a fourth strike. As a result, the PLRA bars him from bringing the instant action in forma pauperis unless he can show an imminent danger of serious bodily harm. 28 U.S.C. § 1915(g).

### C. No Danger of Imminent Serious Injury

"[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted). And there must be a nexus between the threat the prisoner claims to face and the claims asserted in his complaint such that (1) the danger of physical injury is "fairly traceable to unlawful conduct asserted in the complaint" and (2) "a favorable judicial outcome would redress that injury." Id. at 298–99 (emphasis and footnote omitted).

Even afforded the most liberal reading, Price v. City of N.Y., 797 F. Supp. 2d 219, 222 (E.D.N.Y. 2011), Campbell's complaints are devoid of any facts establishing that he is in imminent danger of serious physical harm. Larocco v. Jackson, No. 10-CV-1651 (NGG) (LB), 2010 WL 5067825, at *3 (E.D.N.Y. Oct. 21, 2010). Thus, the imminent danger exception is inapplicable to Campbell's complaints.

D.   **Campbell's Response to the Court's Order to Show Cause**

On September 8, 2015, the Court ordered Campbell to show cause why the three-strikes rule does not mandate denial of his request to proceed in forma pauperis. Campbell IV, No. 14-CV-6132 (D.E. # 5); Campbell V, No. 14-CV-7330 (D.E. # 5). Campbell did so on October 5, 2015. Campbell V, No. 14-CV-7330 (D.E. # 7). Rather than explain why his three strikes do not necessitate denial of his current requests to proceed in forma pauperis, however, Campbell's only response was to take issue with the dismissals of Campbell I and Campbell III. He stated that Campbell I was ongoing in state court because his lawyer had taken it out of federal court. Id. This misstates the facts: Campbell I was dismissed for failure to state a claim, as discussed above, and Campbell was not represented. Campbell has offered no explanation for why Campbell I should not count as a strike. See id. Campbell stated that in Campbell III, he did state a claim "for my clothes," but "put it in the reason for the claim instead of separate." Id. Even liberally interpreted, this explanation does not alter the reasoning above that the dismissal of Campbell III constitutes a strike. Finally, Campbell did not address his strike from the dismissal of Campbell

II at all. Id. Campbell has therefore failed to show cause why the three-strikes rule does not mandate denial of his latest requests to proceed in forma pauperis.

## CONCLUSION

Campbell's requests to proceed in forma pauperis are denied pursuant to the three-strikes provision of § 1915(g). If Campbell wishes to proceed with these suits, he must submit the $400.00 filing fee in each action within 14 days of the date of this Order. If he fails to pay either filing fee within that time, the corresponding complaint shall be dismissed.

SO ORDERED.

Dated: November 15, 2017
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge